UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

DANE H. DESOUZA, VELESKA DESOUZA,
CHELSIE DESOUZA and MILES DESOUZA,

        Plaintiffs,

  - against -

PWV ACQUISITIONS LLC, MICHAEL CHETRIT,
CARMEN GIEGRIECH, MICHAEL K. BROWN and
NATHANIEL MULLER,

        Defendants.

------------------------------------------X

05 Civ. 4565 (RWS)

O P I N I O N

A P P E A R A N C E S:

    DANE H. DESOUZA, VELESKA DESOUZA,
    CHELSIE DESOUZA and MILES DESOUZA,
    Plaintiffs Pro Se
    784 Columbus Avenue, # 17E
    New York, NY 10024

    LAW OFFICES OF MICHAEL K. BROWN
    Attorneys for Defendants
    1270 Broadway, Suite 805
    New York, NY 10001
    By:  NATHANIEL MULLER, ESQ.
        Of Counsel

11/29/05

**Sweet, D.J.,**

The defendants PWV Acquisitions LLC ("PWV"), Michael Chetrit ("Chetrit"), Carmen Giegriech ("Giegriech"), Michael K. Brown ("Brown"), and Nathaniel Muller ("Muller") (collectively, the "Defendants") have moved under Rules 12(b)(5) and (6), Fed. R. Civ. P., to dismiss the complaint of Dane H. Desouza, pro se, Veleska Desouza, pro se, Chelsie Desouza, pro se, and Miles Desouza, pro se, (the "Desouzas"). For the reasons set forth below, the motion is granted in part and denied in part.

**The Parties**

The Desouzas are tenants in an apartment owned by PWV.

PWV is a Delaware corporation.

Chetrit is a member of PWV, Giegriech is an employee of PWV, and Brown and Muller are its lawyers.

**Prior Proceedings**

PWV, the landlord for the Desouzas, initiated a housing court non-payment proceeding, under index number L&T 66616/2003. The Desouzas filed for bankruptcy under index number 04-41945. The Bankruptcy Court for the Southern District of New York lifted the

1

bankruptcy stay in an order dated December 13, 2004. The housing court then issued a judgment of possession in a decision/order dated March 22, 2005. The Desouzas appealed to the appellate term and filed a motion for a stay pending appeal, which was conditionally granted in a decision/order dated May 4, 2005. Upon motion by the landlord for the failure of the Desouzas to comply with the conditions set forth in the May 4, 2005 order, the appellate term lifted all the stays pending appeal in a decision dated May 25, 2005.

The Desouzas filed their complaint on May 10, 2005, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 3601-3619, 3631. The Defendants moved to dismiss the complaint for failure to serve PWV and for failure to state a claim. The motion was submitted on June 22, 2005 and was unopposed.

## The Rule 12(b)(6) Standard

In considering a motion to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P., the court construes the complaint liberally, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor," Chambers v. Time Warner, 282 F.3d 147, 152 (2d Cir. 2002) (citing Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001)), although "mere conclusions of law or unwarranted deductions" need

2

not be accepted. First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 771 (2d Cir. 1994). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236, 40 L. Ed. 2d 90, 94 S. Ct. 1683 (1974)). In other words, "'the office of a motion to dismiss is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of New York, 375 F.3d 168, 176 (2d Cir. 2004) (quoting Geisler v. Petrocelli, 616 F.2d 636, 639 (2d Cir. 1980)). Dismissal is only appropriate when "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief." Sweet v. Sheahan, 235 F.3d 80, 83 (2d Cir. 2000); accord Eternity Global Master Fund, 375 F.3d at 176-77.

In considering DeSouzas' pleading and their other papers submitted in this matter, the Court is mindful that the Desouzas are proceeding pro se and that their submissions should be held "'to less stringent standards than formal pleadings drafted by lawyers . . . .'" Hughes v. Rowe, 449 U.S. 5, 9, 66 L. Ed. 2d 163, 101 S. Ct. 173 (1980) (per curiam) (quoting Haines v. Kerner, 404 U.S. 519, 520, 30 L. Ed. 2d 652, 92 S. Ct. 594 (1972)); see also Ferran v. Town of Nassau, 11 F.3d 21, 22 (2d Cir. 1993). Indeed, district courts should "read the pleadings of a pro se plaintiff

3

liberally and interpret them 'to raise the strongest arguments that they suggest.'" McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). Nevertheless, pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (quotation marks omitted).

## The Claim Against Brown And Muller Is Dismissed

The complaint sets forth conclusory allegations of discrimination without specifics stating that: "They have made it more difficult for African Americans and Hispanics to rent apartments at subject premise(s)." (Complt. ¶ 5).

Here, the Desouzas' claim against Brown and Muller is based upon the representation of their client in the previous actions in Bankruptcy Court for the Southern District of New York, Appellate Term First Department, and in Housing Court. (Complt. ¶ 2). According to Brown and Muller, issues about misleading affidavits of service have already been raised in the prior actions and rejected, the last time being in open court on oral argument in the Southern District of New York Bankruptcy Court before the Honorable Robert D. Drain, U.S.B.J., regarding a motion by the debtor to reconsider the lifting of the stay.

4

No act of discrimination or disparate treatment has been alleged against Brown and Muller and the complaint against them is dismissed.

## The Claims Against Chetrit, Giegriech And PWV Are Dismissed

The complaint has alleged that "Plaintiffs have suffered discriminatory acts by Defendants under the guise of non payment issues." (Complt. ¶ 2). To the extent that it relates to the state court eviction proceedings, there are no facts alleged to support the claim of disparate treatment. More than conclusory allegations are required. Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002) (noting that "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." (citation and quotation omitted)).

To the extent that PWV seeks to challenge the service upon it, facts outside the complaint are relied upon. The docket indicates service upon PWV accepted by Giegriech and the propriety of service cannot be resolved on this motion.

5

## Conclusion

The complaint against the Defendants is dismissed for failure to state a cause of action for disparate treatment. Leave to replead within twenty (20) days is granted.

It is so ordered.

New York, NY
November 29, 2005

_____
ROBERT W. SWEET
U.S.D.J.